Michael L. Mallow (SBN 188745)
mmallow@shb.com
Rachel A. Straus (SBN 268836)
rstraus@shb.com
SHOOK, HARDY & BACON L.L.P.
2049 Century Park East, Suite 3000
Los Angeles, CA 90067-3204
Tel: (424) 285-8330 | Fax:  (424) 204-9093

Amir Nassihi (SBN 235936)
anassihi@shb.com
Nalani Crisologo (SBN 313402)
ncrisologo@shb.com
SHOOK, HARDY & BACON L.L.P.
555 Mission Street, Suite 2300
San Francisco, CA 94105
Tel: (415) 544-1900 | Fax: (415) 391-0281

Attorneys for Defendant
TESLA INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| ZACHERY WILLIAMS and MICHAEL MA, on behalf of themselves and all others similarly situated,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>TESLA, INC. and DOES 1 through 10, inclusive,<br><br>　　　　Defendants. | Case No. 4:20-cv-08208-HSG<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF MICHAEL MA'S CLAIMS ALLEGED IN THE FIRST AMENDED COMPLAINT**<br><br>Date:  June 3, 2021<br>Time:  2:00 p.m.<br>Courtroom:  2 |

1

**TO THE COURT AND ALL PARTIES AND COUNSEL OF RECORD:**

2

   **PLEASE TAKE NOTICE THAT** on June 3, 2021 at 2:00 p.m., before the Honorable

3

Haywood S. Gilliam Jr. in Courtroom 2 of the United States District Court for the Northern District

4

of California, Oakland Courthouse, located at 1301 Clay Street, Oakland, CA 94612, Defendant

5

Tesla, Inc., will and hereby does move the Court for an order granting Tesla's Motion to Dismiss

6

Plaintiff Michael Ma's Claims Alleged in the First Amended Complaint, pursuant to Rule 12(b)(6).

7

   This motion is based on this notice of motion and motion, the accompanying memorandum

8

of points and authorities, all pleadings and papers on file in this action, and such further evidence

9

and argument as may be presented at or before the hearing on this matter.

10

11

Dated:  March 31, 2021                    SHOOK HARDY & BACON L.L.P.

12

                                          By:___/s/ Amir Nassihi_____

13

                                              Amir Nassihi
                                              Michael L. Mallow

14

                                              Rachel A. Straus
                                              Nalani Crisologo

15

                                          Attorneys for Defendant

16

                                          TESLA, INC.

17

18

19

20

21

22

23

24

25

26

27

28

2

Michael L. Mallow (SBN 188745)
mmallow@shb.com
Rachel A. Straus (SBN 268836)
rstraus@shb.com
SHOOK, HARDY & BACON L.L.P.
2049 Century Park East, Suite 3000
Los Angeles, CA 90067-3204
Tel: (424) 285-8330 | Fax:  (424) 204-9093

Amir Nassihi (SBN 235936)
anassihi@shb.com
Nalani Crisologo (SBN 313402)
ncrisologo@shb.com
SHOOK, HARDY & BACON L.L.P.
555 Mission Street, Suite 2300
San Francisco, CA 94105
Tel: (415) 544-1900 | Fax: (415) 391-0281

Attorneys for Defendant
TESLA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ZACHERY WILLIAMS and MICHAEL MA, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>TESLA, INC. and DOES 1 through 10, inclusive,<br><br>    Defendants. | Case No. 4:20-cv-08208-HSG<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT TESLA, INC.'S MOTION TO DISMISS PLAINTIFF MICHAEL MA'S CLAIMS ALLEGED IN THE FIRST AMENDED COMPLAINT** |

1
2

## <u>**TABLE OF CONTENTS**</u>

3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

INTRODUCTION ..................................................................................................1

ALLEGED FACTS...............................................................................................2

STANDARD.........................................................................................................3

I.    All of Ma's Claims Fail Because He Does Not Adequately Allege a "Defect."...........................................................................................................3

II.   Ma's Express Warranty Claims (Counts 7 and 8) Should Be Dismissed Because His NVLW Expired Before He Presented His Vehicle For Repair..............................................................................................................5

III.  Ma's Implied Warranty Claim Should be Dismissed (Count 7).....................5

IV.   Ma Fails To Allege a Magnusson-Moss Warranty Act Claim (Count 1). ......6

V.    Ma's Fraud Based Claims are Deficient (Counts 2, 3, 4, and 5)....................7

    A.    Ma's Allegations Fail to Meet Rule 9(b). .............................................7

    B.    Ma Does not Adequately Allege any Affirmative Representation. .......8

    C.    Ma's Omission-Based Claims Fail Based on His Failure to Adequately Allege Tesla's Pre-Sale Knowledge. .................................8

VI.   The Economic Loss Rule Bars Ma's Fraudulent Concealment Claim (Count 5).......................................................................................................10

VII.  Ma's Claims for Equitable Relief Fail (Count 2, 3, 4).................................11

VIII. Ma's Request for Injunctive Relief Also Fails.............................................13

CONCLUSION...................................................................................................14

1

## <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

C<small>ASES</small>

4

*Ahern v. Apple Inc.*,
   411 F. Supp. 3d 541 (N.D. Cal. Oct. 11, 2019) ...............................................................8

5

6

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)...........................................................................................................3

7

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007)...........................................................................................................3

8

9

*Blissard v. FCA US LLC*,
   No. LA CV18-02765 JAK (JEMx), 2018 WL 6177295 (C.D. Cal. Nov. 9, 2018) ......................10

10

11

*Burdt v. Whirlpool Corp.*,
   No. C 15–01563 JSW, 2015 WL 4647929 (N.D. Cal. Aug. 5, 2015) ...........................10

12

13

*Clemens v. DaimlerChrysler Corp.*,
   534 F.3d 1017 (9th Cir. 2008) ...........................................................................................5

14

*Davidson v. Kimberly-Clark Corp.*,
   889 F.3d 956 (9th Cir. 2018), *cert. denied*, 139 S. Ct. 640 (2018)................................14

15

16

*DeCoteau v. FCA US LLC*,
   No. 2:15-CV-00020-MCE-EFB, 2015 WL 6951296 (E.D. Cal. Nov. 10, 2015) ............................4

17

*Depot, Inc. v. Caring for Montanans, Inc.*,
   915 F.3d 643 (9th Cir. 2019) .............................................................................................8

18

19

*Espineli v. Toyota Motor Sales, U.S.A., Inc.*,
   No. 2:17-cv-00698-KJM-CKD, 2019 WL 2249605 (E.D. Cal. May 24, 2019)..............................8

20

21

*Gibson v. Jaguar Land Rover N. Am., LLC*,
   No. CV 20-00769-CJC-GJSX, 2020 WL 5492990 (C.D. Cal. Sept. 9, 2020)....................11, 13

22

*Gotthelf v. Toyota Motor Sales, U.S.A., Inc.*,
   525 Fed. Appx. 94 (3d Cir. 2013)....................................................................................10

23

24

*Grodzitsky v. Am. Honda Motor Co., Inc.*,
   No. 2:12-cv-1142-SVW-PLA, 2013 WL 690822 (C.D. Cal. Feb. 19, 2013) ..................9

25

26

*Guaranty Trust Co. of New York v. York*,
   326 U.S. 99 (1945)...........................................................................................................12

27

28

ii

*Hovsepian v. Apple, Inc.*,
  Nos. 08–5788 JF (PVT), 09–1064 JF (PVT), 2009 WL 2591445 (N.D. Cal. Aug.
  21, 2009) ...........................................................................................................................6

*Hsieh v. FAC US LLC*,
  No. 19-cv-01691-W-AHG, 2020 WL 835310 (S.D. Cal. Feb. 20, 2020)...........................11

*In re Chrysler-Dodge-Jeep Ecodiesel Mktg., Sales Practices, & Prod. Liab. Litig.*,
  295 F. Supp. 3d 927 (N.D. Cal. 2018) ...............................................................................8

*In re Ford Motor Co. DPS6 Powershift Transmission Prod. Liab. Litig.*,
  483 F. Supp. 3d 838, 847-850 (C.D. Cal. 2020) ...............................................................10

*In re MacBook Keyboard Litig.*,
  No. 5:18-CV-02813-EJD, 2020 WL 6047253 (N.D. Cal. Oct. 13, 2020) ...................13

*In re MyFord Touch Consumer Litig.*,
  C-13-3072 EMC, 2015 WL 5118308 (N.D. Cal. Aug. 31, 2015) ......................................5

*In re Nexus 6P Prods. Liab. Litig.*,
  293 F. Supp. 3d 888, 909–10 (N.D. Cal. Mar. 5, 2018) ...................................................9

*In re Outlaw Lab., LLP*,
  463 F. Supp. 3d 1068, 1085 (S.D. Cal. 2020) ...................................................................7

*In re Sony Grand WEGA KDF-E A10/A20 Series Rear Projection HDTV TV Litig.*,
  758 F. Supp. 2d 1077 (S.D. Cal. Nov. 30, 2010) ...............................................................6

*Johnson v. Glock, Inc.*,
  No. 3:20-CV-08807-WHO, 2021 WL 428635 (N.D. Cal. Feb. 8, 2021) ...................14

*Kearns v. Ford Motor Co.*,
  567 F.3d 1120 (9th Cir. 2009) ......................................................................................7, 8

*Klaehn v. Cali Bamboo, LLC*,
  No. 19CV1498-LAB (KSC), 2020 WL 3971518 (S.D. Cal. July 13, 2020) ...............13

*Mandani v. Volkswagen Grp. of Am.*,
  No. 17-cv-07287-HSG, 2019 WL 652867 (N.D. Cal. Feb. 15, 2019).........................10

*Marolda v. Symantec Corp.*,
  672 F. Supp. 2d 992 (N.D. Cal. 2009) ...............................................................................8

*Metzler Inv. GMBH v. Corinthian Colls., Inc.*,
  540 F.3d 1049 (9th Cir. 2008) ...........................................................................................6

*Mosqueda v. Am. Honda Motor Co., Inc.*,
  No. SACV 19839-MWF-MAAX, 2020 WL 1698710 (C.D. Cal. Mar. 6, 2020).........................11

*Philips v. Ford Motor Co.*,
   726 F. App'x 608 (9th Cir. June 8, 2018) ................................................................................11

*Robinson Helicopter Co., Inc. v. Dana Corp.*,
   34 Cal. 4th 979 (2004) ......................................................................................................10, 11

*Roe v. Ford Motor Co.*,
   No. 2:18-cv-12528-LJM-APP, 2019 WL 3564589 (E.D. Mich. Aug. 6, 2019) ..........................9

*Schertz v. Ford Motor Co.*,
   No. CV2003221TJHPVCX, 2020 WL 5919731 (C.D. Cal. July 27, 2020) ...............................13

*Sciacca v. Apple, Inc.*,
   362 F. Supp. 3d 787, 797 (N.D. Cal. 2019) ..............................................................................3

*Sharma v. Volkswagen AG*,
   — F. Supp. 3d —, 2021 WL 912271 (N.D. Cal. 2021) ......................................................12, 14

*Sims v. Kia Motors Am., Inc.*,
   No. SACV-131791-AG, 2014 WL 12558251 (C.D. Cal. Oct. 8, 2014) ......................................8

*Sloan v. Gen. Motors LLC*,
   No. 16-cv-07244-EMC, 2020 WL 1955643 (N.D. Cal. Apr. 23, 2020) ....................................11

*Sonner v. Premier Nutrition Corp.*,
   971 F.3d 834 (9th Cir. 2020) .........................................................................................2, 11, 12, 13

*Teresa Adams v. Cole Haan, LLC*,
   No. SACV20913JVSDFMX, 2020 WL 5648605 (C.D. Cal. Sept. 3, 2020) ..............................13

*Thompson v. BMW of N. Am., LLC*,
   No. SACV 17-01912-CJC-KS, 2019 WL 988694 (C.D. Cal. Jan. 10, 2019) ............................11

*Toyota Motor Corp. Unintended Acceleration Mktg., Sales Practices, & Prod. Liab.*
   *Litig* 754 F. Supp. 2d 1145 (C.D. Cal. 2010) ............................................................................5

*Valladares v. IndyMac Bank FSB*,
   No. CV 09-1051-GW-RCX, 2009 WL 10675112 (C.D. Cal. Nov. 30, 2009) ...........................10

*Vess v. Ciba-Geigy Corp. USA*,
   317 F.3d 1097 (9th Cir. 2003) ..................................................................................................7

*Williams v. Apple, Inc.*,
   No. 19-CV-04700-LHK, 2020 WL 1492718 (N.D. Cal. Mar. 27, 2020) ...................................14

*Williams v. Yamaha Motor Co. Ltd.*,
   851 F.3d 1015 (9th Cir. 2017) ..................................................................................................9

*Wilson v. Hewlett-Packard Co.*,
   668 F.3d 1136 (9th Cir. 2012) ..................................................................................................3

iv

*Yagman v. Gen. Motors Co.*,
    14-4696-MWF-AGRX, 2014 WL 4177295 (C.D. Cal. Aug. 22, 2014)..........................................4

*Zaback v. Kellogg Sales Co.*,
    No. 3:20-cv-00268-BEN-MSB, 2020 WL 6381987 (S.D. Cal. Oct. 29, 2020)............................13

*Zagarian v. BMW of N. Am., LLC*,
    No. CV 18-4857-RSWL-PLA, 2019 WL 6111731 (C.D. Cal. Oct. 23, 2019)............................11

**RULES**

Fed. R. Civ. P. 8 ...........................................................................................................................3

Fed. R. Civ. P. 9(b) ...............................................................................................................2, 7, 8

Fed. R. Civ. P. 12(b)(6)................................................................................................................1

**STATUTES**

15 U.S.C. § 2310(a)(3)...................................................................................................................7

Cal. Civ. Code § 1791.1(c) ...........................................................................................................6

Cal. Com. Code § 2316 ..................................................................................................................6

Cal. Com. Code § 2725 ..................................................................................................................6

Cal. Com Code § 2725(2) ..............................................................................................................6

U.C.C. § 2-316 ...............................................................................................................................6

## STATEMENT OF ISSUES TO BE DECIDED
### (CIVIL LOCAL RULE 7-4(A)(3))

Tesla, Inc. seeks to have Plaintiff Michael Ma's claims dismissed for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).[1]

## INTRODUCTION

Plaintiff Michael Ma purchased a 2014 Model S from Tesla in September 2014. More than five years after he purchased his vehicle, and a year after the New Vehicle Limited Warranty ("NVLW") expired, Plaintiff Ma brought his vehicle into a Tesla service center to address a "rattling noise emitting from the front [of his vehicle] when driving on rough roads at a speed of 25 mph." In order to address the noise issue, Tesla replaced two parts; one Tesla covered under goodwill and replaced free of charge and the other was paid for by Ma.

Based on these allegations, Ma alleges that Tesla breached various express and implied warranties, violated various California consumer protection statutes and engaged in fraudulent concealment. Ma's claims are based on "one or more latent defects in the suspension system" in Tesla Model S (sedan) and Model X (SUV) vehicles produced between September 7, 2013 and October 15, 2018 (the "Alleged Defect").

As a threshold matter, all of Ma's claims must be dismissed, because he does not plausibly allege the existence of defect, let alone what constitutes the defect or what causes it. Rather, Ma merely identifies suspension components (e.g., the front and rear suspension control arm assemblies) and claims these parts are prematurely loosening, wearing, cracking and/or breaking. In order to survive the pleading stage, Ma must allege facts *connecting* the alleged premature loosening, wearing, cracking and/or breaking of these parts to an actual defect, which he has utterly failed to do.

Ma's failure to allege a defect is far from the only reason his claims fail. For example, Ma asserts claims for breach of Tesla's NVLW (Counts 7 and 8). As Ma correctly alleges, his vehicle came with a NVLW that expired the earlier of 4 years or 50,000 miles after purchase. Ma does not allege he experienced any suspension issue within the NVLW's time and mileage limitations, nor

---

[1] Per the Court's March 26, 2021 order of the parties' March 25, 2021 stipulation (Dkt. No. 34), the claims of Zachery Williams, the other named plaintiff, are stayed until after the Court's decision on Tesla's Motion to Dismiss Ma's claims.

1   does he plead in-warranty presentment, as he must, to pursue his breach of warranty claim. Ma's

2   implied warranty claim (Count 6) fails for a similar reason. Ma's alleged suspension issue occurred

3   after the implied warranty, which runs the same length as the express warranty, expired.

4        Ma also fails to satisfy Rule 9(b) pleading obligations for his California consumer protection

5   claims—which all sound in fraud—and his fraudulent concealment claim. Ma identifies no

6   affirmative or partial representations or omissions by Tesla about the suspension system in his

7   vehicle, Ma fails to allege he relied on any statement by Tesla prior to his purchase, and he fails to

8   plead Tesla's pre-sale knowledge of, or a legal duty to disclose, the Alleged Defect. As discussed in

9   detail below, Ma's claims for injunctive relief must be dismissed because, among other reasons,

10  pursuant to the recent Ninth Circuit opinion, *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834 (9th

11  Cir. 2020), Ma does not plead that legal remedies would be inadequate.

12       For these and other reasons developed below, Ma's claims should be dismissed in their

13  entirety.

14                          **ALLEGED FACTS**

15       After purchasing a new 2014 Model S from Tesla online, Ma took delivery of the vehicle on

16  September 9, 2014. First Amended Complaint ("FAC"), ¶ 14. Ma's vehicle came with a new vehicle

17  limited warranty that expired the earlier of 4 years or 50,000 miles after purchase. *Id.* at ¶ 133.

18       Beginning in October 2019—more than five years after Ma purchased his Model S—Ma

19  alleges that he heard a rattling noise from the front of his vehicle when driving on rough roads at

20  speeds of 25 mph or more. *Id.* at ¶ 48. On November 6, 2019—more than a year after his NVLW

21  expired—Ma took his vehicle to a Tesla service center. *Id.* at ¶ 49. According to Ma's repair order,

22  which he attached to the complaint, Tesla replaced the front lower fore links and strut bolts pursuant

23  to "goodwill" and at no charge to Ma. *Id.* at ¶ 51. Ma also paid $1,320.12 to replace the lower aft

24  fore links. *Id.*

25       Ma alleges claims for violation of the Magnuson-Moss Warranty Act ("MMWA") (Count 1),

26  Consumer Legal Remedies Act ("CLRA") (Count 2), Unfair Competition Law ("UCL") (Count 3),

27  and False Advertising Law ("FAL") (Count 4), along with claims for fraudulent concealment (Count

28

2

5), breach of the implied warranty (Count 6), breach of the express warranty (Count 7), and breach of common law warranty/contract (Count 8). *Id.* Ma also seeks to represent a nationwide class of "all persons or entities in the United States who are current and former owners and/or lessees of a Class Vehicle" and a California class of "all persons or entities in the state of California who are current or former owners and/or lessees of a Class Vehicle." FAC ¶¶ 61-62.

## STANDARD

A complaint must allege enough facts to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); Fed. R. Civ. P. 8. Labels, conclusions, and mere assertions are not "facts" entitled to the presumption of truth. *Iqbal*, 556 U.S. at 678–79. If "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 678–79 (quoting Rule 8).

## ARGUMENT

### I.   All of Ma's Claims Fail Because He Does Not Adequately Allege a "Defect."

Ma has not complied with the basic pleading requirements of Rule 8 because he failed to allege facts that make the existence of a defect plausible. Ma does not identify any defect, but rather only identifies components of the suspension system and alleged symptoms (premature loosening, wearing, cracking, and/or breaking) of what Ma describes as "one or more latent defects in [the putative class vehicles'] suspension system." FAC ¶ 2.

Identifying components and symptoms is not enough. Rather, to survive a pleading challenge, plaintiffs must plead specific facts alleging what caused the components to experience the alleged symptoms. *See also Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1144–45 (9th Cir. 2012) (plaintiffs failed to allege facts showing a plausible nexus between the alleged defect and safety hazard despite alleging defect in "some detail"); *Sciacca v. Apple, Inc.*, 362 F. Supp. 3d 787, 797 (N.D. Cal. 2019) (dismissing claims where aside from the description of symptoms, the plaintiff failed to allege what caused his own Apple Watch's screen to detach).

3

1      This is especially true when, like here, complex automotive systems are involved. For

2  example in *Yagman v. Gen. Motors Co.*, 14-4696-MWF-AGRX, 2014 WL 4177295, at *3 (C.D. Cal.

3  Aug. 22, 2014), plaintiff alleged that his vehicle's engine stopped running and experienced a

4  complete electrical shutdown. *Id.* at *2. The Court dismissed the complaint explaining that the

5  plaintiff's allegations of the symptoms—that the vehicle's engine stopped working and exhibited a

6  total electrical failure—only made it "possible" that a defect was the cause and thus stopped short of

7  *Iqbal*'s and *Twombly*'s "plausibility" threshold. *Id.* Similarly, in *DeCoteau v. FCA US LLC*, No.

8  2:15-CV-00020-MCE-EFB, 2015 WL 6951296, at *3 (E.D. Cal. Nov. 10, 2015), plaintiffs claimed

9  that a defective transmission caused their vehicles to stop moving while being driven and that it

10  caused their vehicles to experience rough and jerking transmission shifts to be implausible. The

11  court dismissed the plaintiffs' claims explaining that "[p]laintiffs must … plausibly connect the

12  existence of the alleged defect to the injuries they claim to have suffered." *Id.*

13      Just like in *Yagman, DeCoteau*, and the other cases cited above, Ma's failure to allege any

14  facts about what causes the alleged prematurely loosening, wearing, cracking and/or breaking in the

15  suspension components listed in the FAC is a basis for dismissal of all of his claims.

16      In an attempt to save his claims, Ma will likely point to his allegations in the FAC that the

17  China State Administration for Market Regulation ("SAMR") announced a safety recall pursuant to

18  which Tesla replaced two suspension components in Model S and X vehicles sold in China. FAC ¶

19  21. This does not help Ma. According to the SAMR press release Ma cites in the FAC, the alleged

20  issue that led to that limited recall occurred "when some of the vehicles within the scope of the recall

21  are subjected to a large external impact." FAC ¶ 21. As Ma further explains in the FAC, and as the

22  letter Ma attaches as Exhibit 2 to the FAC from Tesla to NHTSA explains, this issue is unique to

23  China because "driver usage and expectation for damageability is uniquely severe in the China

24  market." FAC ¶ 22, Ex. 2 at 3 (Tesla's Letter to NHTSA re: China Recall). Beyond his complete

25  conjecture, Ma provides no factual basis whatsoever to support his allegations that Tesla's

26  explanation is untrue or in any way incorrect. Put another way, the only factual allegations in the

27  FAC is that Tesla conducted a recall in China due to uniquely severe driver behavior and

28

4

environmental conditions in China, and the unique conditions in China that precipitated the recall in that country, are not present in the United States.[2] Nor does Ma tie his alleged noise issue to the China recall.

Ma fails to plausibly allege a defect. His claims also fail for various other reasons.

## II.   Ma's Express Warranty Claims (Counts 7 and 8) Should Be Dismissed Because His NVLW Expired Before He Presented His Vehicle For Repair.

Ma fails to allege any in-warranty failure or presentment. As Ma acknowledges, Tesla's NVLW covers repair or replacement necessary to correct defects in the materials or workmanship of parts manufactured or supplied by Tesla that occur under normal use for a period of 4 years or 50,000 miles, whichever comes first. FAC, ¶¶ 14, 133. Ma admits that he first sought repair for his vehicle's suspension on November 6, 2019 with 58,057 miles on the odometer, *almost a year and over 8,000 miles after his NVLW expired.* FAC, ¶¶ 49–51.

By its express terms, the NVLW does not cover repairs after the applicable time or mileage periods have elapsed. *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1023 (9th Cir. 2008) (applying California law; citing *Daugherty v. Am. Honda Motor Co.*, 144 Cal. App. 4th 824, 830 (2006)). Thus, Ma's express warranty claims must be dismissed for the simple reason that warranty coverage had expired before he presented his vehicle for repair to Tesla. *Toyota Motor Corp. Unintended Acceleration Mktg., Sales Practices, & Prod. Liab. Litig.*, 754 F. Supp. 2d 1145, 1179 (C.D. Cal. 2010); *In re MyFord Touch Consumer Litig.*, C-13-3072 EMC, 2015 WL 5118308, at *5 (N.D. Cal. Aug. 31, 2015) (courts "uniformly require the plaintiff to give the defendant a chance to perform warranty service before the defendant can be held liable for breach of warranty").

## III.   Ma's Implied Warranty Claim Should be Dismissed (Count 7).

Pursuant to U.C.C. § 2-316, manufacturers may impose limitations on implied warranties.[3] *See Hovsepian v. Apple, Inc.*, Nos. 08–5788 JF (PVT), 09–1064 JF (PVT), 2009 WL 2591445, at *8

---

[2] It is also worth noting that on September 3, 2020, Tesla made NHTSA aware of the recall in China and its explanation about why the issue is unique to China and not necessary in the United States. FAC ¶ 22, Ex. 2. NHTSA has not taken any action.

[3] This provision of the U.C.C. has been adopted and codified in California. *See* Cal. Com. Code § 2316.

(N.D. Cal. Aug. 21, 2009) (citing Cal. Com. Code § 2316); *In re Sony Grand WEGA KDF-E A10/A20 Series Rear Projection HDTV TV Litig*., 758 F. Supp. 2d 1077, 1100 (S.D. Cal. Nov. 30, 2010) ("By limiting the duration of an Express Warranty, manufacturers may impose limited on implied warranties."); *see also* Cal. Civ. Code § 1791.1(c).

Tesla imposes such limitations in its NVLW. *See* Ex. A (Tesla NVLW)[4] at p. 2 ("Implied…warranties and conditions arising under applicable state or provincial laws…or otherwise in law or in equity, if any, including…implied warranties and conditions of merchantability…are…limited in duration to the term of this [NVLW].") The limitation is valid and enforceable. *Id*.

Because Ma's vehicle was outside the written warranty period when he allegedly experienced the rattling noise, *see* Section II, *supra*, any implied warranty had likewise expired, and dismissal of Ma's implied-warranty claim is proper. *Id*.

Further, Ma's implied warranty claim is time-barred. The statute of limitations for breach of the implied warranty is four years. Cal. Com. Code § 2725. Implied warranty claims accrue at the time of tender. Cal. Com Code § 2725(2) ("A breach of warranty occurs when tender of delivery is made…"). Thus, the statute of limitations on Ma's implied warranty claim expired on September 6, 2018—more than two years before he filed the complaint.

**IV.    Ma Fails To Allege a Magnusson-Moss Warranty Act Claim (Count 1).**

"[C]laims under the Magnuson-Moss Act stand or fall with [Plaintiff's] express and implied warranty claims under state law." *Robbins v. Hyundai Motor Am.*, SACV, 14-00005-JVS, 2014 WL 4723505, at \*10 (C.D. Cal. Aug. 7, 2014) (dismissing MMWA claim for failure to adequately allege state warranty claim). Ma, having failed to adequately plead predicate state warranty claims, cannot pursue his MMWA claim.

---

[4] When ruling on a motion to dismiss, courts may consider documents incorporated by reference in a complaint or upon which a complaint necessarily relies. *Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008).

Additionally, the MMWA provides that if a warranty requires consumers to resort initially to an informal dispute settlement procedure, the consumer "may not commence a civil action" under the MMWA without first doing so. 15 U.S.C. § 2310(a)(3). Here, Tesla's NVLW required Ma to submit his dispute to an "optional dispute settlement program through the National Center for Dispute Resolution" or "binding arbitration or small claims court," and warned him that failure to do so might affect his rights. Ex. A p. 11. But Ma fails to allege he did this. For this reason as well, Ma has failed to state a claim under the MMWA.

## V.   Ma's Fraud Based Claims are Deficient (Counts 2, 3, 4, and 5).

Unable to point to any physical injuries and unable to assert a viable warranty claim, Ma resorts to accusations of fraud. As discussed below, Ma's fraud-based claims are not pled with the level of specificity required by Rule 9(b) and fail as well for numerous, independent reasons.

### A.   Ma's Allegations Fail to Meet Rule 9(b).

Ma's CLRA (Count 2), UCL (Count 3) FAL (Count 4), and fraudulent concealment (Count 5) claims are subject to the heightened pleading requirements of Rule 9(b). *See Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125, 1127 (9th Cir. 2009) (Rule 9(b) applies to any claim that "sounds in fraud," including CLRA claims and UCL claims labeled as unlawful- or unfair-practice claims); *In re Outlaw Lab., LLP*, 463 F. Supp. 3d 1068, 1085 (S.D. Cal. 2020), on reconsideration, No. 3:18-CV-0840-GPC, 2020 WL 3840559 (S.D. Cal. July 8, 2020) ("Claims pursuant to the FAL are subject to the heightened pleading requirements of Rule 9(b).") (citations omitted).

Averments of fraud must be accompanied by the "who, what, when, where, and how" of the misconduct charged. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (citation omitted). Where claims are based on affirmative representations, this requires "an account of the time, place, and specific content of the false representations" as well as the identities of those who allegedly made them. *Depot, Inc. v. Caring for Montanans, Inc.*, 915 F.3d 643, 667–68 (9th Cir. 2019) (quotations omitted). Rule 9(b) also applies to "concealment" or omission claims. *Kearns*, 567 F.3d at 1127. To satisfy Rule 9(b) in those circumstances, a plaintiff "at a minimum must describe the content of the omission"—that is, what the plaintiff claims *should* have been disclosed—and

7

where the omitted information should or could have been revealed. *Sims v. Kia Motors Am., Inc.*, No. SACV-131791-AG, 2014 WL 12558251, at *4 (C.D. Cal. Oct. 8, 2014) (quoting *Marolda v. Symantec Corp.*, 672 F. Supp. 2d 992, 1002 (N.D. Cal. 2009)).

**B.      Ma Does Not Adequately Allege any Affirmative Representation.**

Ma vaguely alleges that "Tesla misrepresented the cause of the suspension components failure" and "Tesla misrepresented the safety of the Class Vehicles based on its knowledge of the Suspension Defect," FAC, ¶¶ 5, 64(c). These allegations do not come close to satisfying Rule 9(b). Ma does not identify the time, place, and specific content of the allegedly false representations or the identities of those who allegedly made them. *See Depot*, 915 F.3d at 667–68. Even more detrimental to any affirmative misrepresentation claim Ma is asserting, he does not allege he actually saw or heard any allegedly misleading statements or relied on them prior to making his purchase. *Ahern v. Apple Inc*., 411 F. Supp. 3d 541, 578–79 (N.D. Cal. Oct. 11, 2019) (dismissing misrepresentation claim for this reason); *Espineli v. Toyota Motor Sales, U.S.A., Inc.*, No. 2:17-cv-00698-KJM-CKD, 2019 WL 2249605, at *5 (E.D. Cal. May 24, 2019) (same); *In re Chrysler-Dodge-Jeep Ecodiesel Mktg., Sales Practices, & Prod. Liab. Litig.*, 295 F. Supp. 3d 927, 987–88 (N.D. Cal. 2018) (dismissing plaintiffs' claims based on a misrepresentation because plaintiffs did not identify with sufficient specificity the misrepresentation and did not allege any named plaintiff actually saw the alleged misrepresentation).

**C.      Ma's Omission-Based Claims Fail Based on his Failure to Adequately Allege Tesla's Pre-Sale Knowledge.**

To state plausible omissions-based claims for relief under the consumer protection statutes pled, Ma must allege facts that make it plausible Tesla knew of the alleged suspension defect at the time of sale—*i.e.*, by September 6, 2014. *See Williams v. Yamaha Motor Co. Ltd.*, 851 F.3d 1015, 1025 (9th Cir. 2017). Similarly, the tort of fraudulent concealment requires Ma to show Tesla knew of the alleged suspension issue prior to his purchase of his vehicle. "After all, how could [Tesla] have intended to conceal something that it did not know would be material to car buyers?" *Roe v. Ford Motor Co.*, No. 2:18-cv-12528-LJM-APP, 2019 WL 3564589, at *6 (E.D. Mich. Aug. 6, 2019)

8

(citing Restatement (Second) of Torts § 550 (1977) and dismissing fraudulent concealment claim under California and other state laws due to plaintiffs failing to properly plead Ford's knowledge of the alleged defect).

Ma relies primarily on NHTSA consumer complaints to allege Tesla knew of the Alleged Defect at the time he purchased his 2014 Model S vehicle. The earliest complaint Ma points to, however, to support his pre-sale knowledge allegation is from June 21, 2016—nearly two years *after* his purchase—and thus does not come close to creating a plausible inference that Tesla knew about a material defect in Ma's vehicle at the time of sale. *See* FAC, ¶¶ 32–33; *see also In re Nexus 6P Prods. Liab. Litig.*, 293 F. Supp. 3d 888, 909–10 (N.D. Cal. Mar. 5, 2018) (post-purchase complaints could not establish defendant's pre-purchase knowledge of a defect).

Ma also vaguely points to "dealer repair records, records from NHTSA, warranty and post-warranty claims, internal pre-sale durability testing, and other various sources." FAC, ¶ 28. Nearly identical allegations have been held insufficient to state a fraud claim in similar cases. *Grodzitsky v. Am. Honda Motor Co., Inc.*, No. 2:12-cv-1142-SVW-PLA, 2013 WL 690822, at *2 (C.D. Cal. Feb. 19, 2013). These allegations are especially deficient here because other than "pre-sale durability testing," Ma does not allege any of these sources provided Tesla knowledge *before* his September 2014 purchase.

Ma's assertion that Tesla would engage in pre-sale testing to identify problems with vehicles and then release vehicles for sale without addressing the problems identified through such testing makes no common sense and must be rejected. Under Ma's illogical theory, Tesla would have undertaken the time and expense of testing the suspension system in the putative class vehicles only to ignore the test results after (according to Ma) it identified a defect in the suspension system of those vehicles. Rather than supporting knowledge of a presale defect, the far more likely and logical inference from these facts is that prerelease testing did not identify the alleged defect. *Mandani v. Volkswagen Grp. of Am.*, No. 17-cv-07287-HSG, 2019 WL 652867, at *8 (N.D. Cal. Feb. 15, 2019) (holding that "conclusory allegations of pre-purchase knowledge based on 'pre-sale design and testing' are insufficient"); *Blissard v. FCA US LLC*, No. LA CV18-02765 JAK (JEMx), 2018 WL

1   6177295, at *13 (C.D. Cal. Nov. 9, 2018) (holding that "pre-sale testing" and the defendant's "own

2   records" do not sufficiently plead knowledge); *Burdt v. Whirlpool Corp.*, No. C 15–01563 JSW,

3   2015 WL 4647929, at *4 (N.D. Cal. Aug. 5, 2015) (allegations that the defendant engaged in

4   prerelease testing were insufficient to establish presale knowledge of a defect where the plaintiff did

5   not provide any details about or dates of the alleged tests or exactly what the tests would have

6   shown); *Gotthelf v. Toyota Motor Sales, U.S.A., Inc.*, 525 Fed. Appx. 94, 104 (3d Cir. 2013) (same).

7   **VI.   The Economic Loss Rule Bars Ma's Fraudulent Concealment Claim (Count 5).**

8       "The economic loss rule requires a purchaser to recover in contract for purely economic loss

9   due to disappointed expectations, unless he can demonstrate harm above and beyond a broken

10  contractual promise." *Robinson Helicopter Co., Inc. v. Dana Corp.*, 34 Cal. 4th 979, 988 (2004);

11  *Valladares v. IndyMac Bank FSB*, No. CV 09-1051-GW-RCX, 2009 WL 10675112, at *3 (C.D. Cal.

12  Nov. 30, 2009). The rule recognizes that economic expectations in products should generally be

13  protected by commercial and contract law, with tort claims reserved for consumers who have been

14  physically injured by an alleged defect. *Robinson Helicopter*, 34 Cal. 4th at 988. Here, Ma does not

15  allege he was physically injured, and his fraudulent concealment claim seeks to recover purely

16  economic losses; the allegedly reduced value of his vehicle. FAC ¶ 140. The economic-loss rule bars

17  his fraudulent concealment claim.

18      Ma may assert that there is an exception for fraudulent-inducement claims based on an

19  affirmative misrepresentation. *See Robinson Helicopter*, 34 Cal. 4th at 993 ("Our holding today is

20  narrow in scope and limited to a defendant's affirmative misrepresentations on which a plaintiff

21  relies…."). But because (as discussed above) Ma cannot identify an affirmative misrepresentation,

22  he must claim an omission, and courts generally decline to extend the economic loss rule exception

23  to fraudulent-inducement claims based on an *omission*. *See, e.g.*; *Sloan v. Gen. Motors LLC*, No. 16-

24  cv-07244-EMC, 2020 WL 1955643, at *23–24 (N.D. Cal. Apr. 23, 2020) (California law); *Hsieh v.*

25  *FAC US LLC*, No. 19-cv-01691-W-AHG, 2020 WL 835310, at *3–4 (S.D. Cal. Feb. 20, 2020)

26  (same); *Mosqueda v. Am. Honda Motor Co., Inc.*, No. SACV 19839-MWF-MAAX, 2020 WL

27  1698710, at *12–13 (C.D. Cal. Mar. 6, 2020) (same); *Zagarian v. BMW of N. Am., LLC*, No. CV 18-

28

1   4857-RSWL-PLA, 2019 WL 6111731, at *3 (C.D. Cal. Oct. 23, 2019); *Thompson v. BMW of N.*

2   *Am., LLC*, No. SACV 17-01912-CJC-KS, 2019 WL 988694, at *5 (C.D. Cal. Jan. 10, 2019).

3         In short, the economic loss rule requires dismissal of Ma's fraudulent concealment claim.

4   *Clark v. American Honda Motor Co., Inc.*, CV 20-03147 AB (MRWx), 2012 WL 1186338 at * 10

5   (C.D. Cal. Mar. 25, 2021) ("[i]t is clear to the Court that the economic loss rule bars California

6   common law claims for fraudulent omission like the one alleged here"); *In re Ford Motor Co. DPS6*

7   *Powershift Transmission Prod. Liab. Litig.*, 483 F. Supp. 3d 838, 847-850 (C.D. Cal. 2020)

8   (applying economic loss rule to bar California common law fraudulent omission claim).

9   **VII.   Ma's Claims for Equitable Relief Fail.**

10        Ma seeks equitable relief pursuant to his CLRA, California's equity-based UCL, and FAL

11  claims. FAC, ¶¶ 95 (CLRA), 105 (UCL), 113 (FAL) and Prayer for Relief at 98:3–4. These claims

12  must be dismissed because he fails to plead facts that, if proven, would show legal remedies would

13  be inadequate. *Sonner,* 971 F.3d 834, 839–44; *Philips v. Ford Motor Co.*, 726 F. App'x 608, 609

14  (9th Cir. June 8, 2018); *Gibson v. Jaguar Land Rover N. Am., LLC*, No. CV 20-00769-CJC-GJSX,

15  2020 WL 5492990, at *3 (C.D. Cal. Sept. 9, 2020).

16        In *Sonner*, plaintiff alleged class claims under the UCL and CLRA, seeking both equitable

17  remedies (injunctive relief and restitution under the UCL and CLRA) and legal remedies (damages

18  for failing to correct CLRA violations). 971 F.3d at 838. Plaintiff later dismissed her damages claim.

19  *Id.* at 837–38. The district court then granted defendant's motion to dismiss on the grounds that

20  Sonner's remaining UCL and CLRA claims were subject to California's inadequate-remedy-at-law

21  doctrine. *Id.* at 838. Sonner appealed, arguing "the California legislature [had] abrogated the ...

22  doctrine for claims seeking equitable restitution under the UCL and CLRA." *Id.* at 839. But the

23  Ninth Circuit affirmed dismissal of the amended complaint on the basis of "federal equitable

24  principles." *Id.* The court explained, "even if a state authorizes its courts to provide equitable relief

25  when an adequate legal remedy exists, such relief may be unavailable in federal court because

26  equitable remedies are subject to traditional equitable principles unaffected by state law." *Id.* at 841

27  (citing *Guaranty Trust Co. of New York v. York*, 326 U.S. 99, 105–06, n. 3 (1945)). Thus, the Ninth

28

11

1    Circuit held "that the traditional principles governing equitable remedies in federal courts, including

2    the requisite inadequacy of legal remedies, apply when a party requests restitution under the UCL

3    and CLRA in a diversity action." *Id.* at 844.

4            Under *Sonner*, there is no doubt that an inadequate legal remedy doctrine applies to Ma's

5    CLRA, UCL, and FAL claims. Further, the question is not whether Ma is likely to succeed on his

6    legal claims (as shown above, he is not). The question is whether, assuming Ma prevailed, would the

7    legal remedies he requests—benefit-of-the-bargain and contract-like damages (*see* FAC, ¶¶ 7, 56)—

8    be adequate. The FAC contains only boilerplate allegations on that issue. *See* FAC, ¶ 105 (alleging

9    "monetary          damages          are          an          inadequate          remedy"          and

10   "insufficient to remedy the health and safety risks that the Suspension Defect poses"). But as

11   numerous courts have held since *Sonner*, such allegations are insufficient. *See, e.g.*, *Clark*, 2021 WL

12   1186338 at *8-9 (dismissing plaintiffs' claims and requests for equitable relief after "consider[ing]

13   *Sonner*, both parties' arguments, and numerous district, court orders applying *Sonner*," "the Court

14   therefore agrees with its colleagues that, under *Sonner*, Plaintiffs must allege that they lack an

15   adequate remedy at law to seek injunctive relief"); *Sharma v. Volkswagen AG*, — F. Supp. 3d —,

16   2021 WL 912271, at *9 (N.D. Cal. 2021) (dismissing UCL claim based on an alleged automotive

17   defect resulting in a loss of money or loss of value, reasoning that "this is exactly the type of injury

18   for which legal remedies are appropriate"); *In re MacBook Keyboard Litig.*, No. 5:18-CV-02813-

19   EJD, 2020 WL 6047253, at *1, 4 (N.D. Cal. Oct. 13, 2020) (applying *Sonner* to dismiss UCL claim

20   and CLRA claim to the extent it seeks equitable relief, stating "[b]ecause Plaintiffs' claims rest on

21   their alleged overpayments and Apple's failure to issue refunds, the Court finds that monetary

22   damages would provide an adequate remedy for the alleged injury."); *Gibson*, 2020 WL 5492990, at

23   *3 ("[t]here is nothing in the [complaint] to suggest that monetary damages would not make Plaintiff

24   or the putative class whole. Indeed, throughout the [complaint] Plaintiff repeatedly alleges that he

25   and the putative class 'lost money or property' as a result of Jaguar's wrongful conduct."); *Klaehn v.*

26   *Cali Bamboo, LLC*, No. 19CV1498-LAB (KSC), 2020 WL 3971518, at *9 (S.D. Cal. July 13, 2020)

27

28

1   (dismissing UCL claim under *Sonner* because the plaintiffs did not "specifically allege the equitable

2   relief they are seeking and why legal relief is not adequate to address [their] alleged harms").

3   **VIII.   Ma's Request for Injunctive Relief Also Fails.**

4   Ma's request for injunctive relief fails for the same reasons his claims for equitable relief fail,

5   *see* Section VII, *supra*, and because he pleads no facts showing he is likely to be harmed in the

6   future.

7   First, under *Sonner*, Ma must allege he lacks an adequate remedy at law in order to seek

8   injunctive relief. *See Zaback v. Kellogg Sales Co*., No. 3:20-cv-00268-BEN-MSB, 2020 WL

9   6381987, *4 (S.D. Cal. Oct. 29, 2020) (dismissing a UCL claim for injunctive relief because the

10   plaintiff failed to allege that there was no adequate remedy at law); *In re MacBook Keyboard Litig.*,

11   2020 WL 6047253, at *3 (extending *Sonner* to preclude claims for injunctive relief); *Gibson*, 2020

12   WL 5492990, at *3 (dismissing UCL claims for injunction and restitution based on *Sonner*); *Teresa*

13   *Adams v. Cole Haan, LLC*, No. SACV20913JVSDFMX, 2020 WL 5648605, at *2 (C.D. Cal. Sept.

14   3, 2020) (under the reasoning of *Sonner*, stating there is no "exception for injunctions as opposed to

15   other forms of equitable relief"); *Schertz v. Ford Motor Co.*, No. CV2003221TJHPVCX, 2020 WL

16   5919731, at *2 (C.D. Cal. July 27, 2020) (dismissing UCL claims for injunction and restitution

17   where the plaintiff failed to allege that there was no adequate remedy at law). As explained above,

18   Ma fails to do so and his injunctive relief claim should therefore be dismissed.

19   Second, Ma must plead facts showing he is likely to be harmed in the future, and the threat of

20   injury must be "actual and imminent, not conjectural or hypothetical." *Davidson v. Kimberly-Clark*

21   *Corp.*, 889 F.3d 956, 966 (9th Cir. 2018) (allegations of *possible* injury are insufficient), *cert.*

22   *denied*, 139 S. Ct. 640 (2018). While some post-*Sonner* courts allow plaintiffs to seek injunctive

23   relief under the UCL where damages would not protect against future harm, plaintiffs must still

24   plausibly allege continuing or imminent injury. *See Sharma*, 2021 WL 912271, at *9. Here, to the

25   extent Ma claims he was deceived about the Alleged Defect in the putative class vehicles, any harm

26   Ma might suffer would necessarily be the product of that past conduct, making injunctive relief

27   inappropriate. *Johnson v. Glock, Inc.*, No. 3:20-CV-08807-WHO, 2021 WL 428635, at *6–7 (N.D.

28

1   Cal. Feb. 8, 2021) (dismissing claim for injunctive relief sought under UCL for the same reason);

2   *Williams v. Apple, Inc.*, No. 19-CV-04700-LHK, 2020 WL 1492718, at *7–8 (N.D. Cal. Mar. 27,

3   2020) (same).

4   **CONCLUSION**

5     For the foregoing reasons, the Court should dismiss all of Ma's claims alleged in the First

6   Amended Complaint.

7

8   Dated: March 31, 2021       Respectfully submitted,
    SHOOK HARDY & BACON L.L.P.

9

10  By:  */s/ Amir Nassihi*
       Amir Nassihi

11     Michael L. Mallow
       Rachel A. Straus

12     Nalani Crisologo

13     Attorneys for Defendant
       TESLA, INC.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28