Michael L. Mallow (SBN 188745)
mmallow@shb.com
Rachel A. Straus (SBN 268836)
rstraus@shb.com
SHOOK, HARDY & BACON L.L.P.
2049 Century Park East, Suite 3000
Los Angeles, CA 90067-3204
Tel: (424) 285-8330 | Fax: (424) 204-9093

Amir Nassihi (SBN 235936)
anassihi@shb.com
Jason M. Richardson (SBN 250916)
jmrichardson@shb.com
SHOOK, HARDY & BACON L.L.P.
555 Mission Street, Suite 2300
San Francisco, CA 94105
Tel: (415) 544-1900 | Fax: (415) 391-0281

Attorneys for Defendant
TESLA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ZACHERY WILLIAMS, MICHAEL MA, and JOHN DITEMAN, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>TESLA, INC. and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 4:20-cv-08208-HSG<br><br>**REPLY IN SUPPORT OF DEFENDANT TESLA, INC.'S MOTION TO DISMISS PLAINTIFF MICHAEL MA'S CLAIMS ALLEGED IN THE THIRD AMENDED COMPLAINT**<br><br>Date: September 1, 2022<br>Time: 2:00 p.m.<br>Courtroom: 2 |

# TABLE OF CONTENTS

INTRODUCTION ........................................................................................................................... 1

ARGUMENT ................................................................................................................................... 1

I. Ma's CLRA (Count I), UCL (Count II), and FAL (Count III) Claims Should be Dismissed....... 1

A. Ma Fails to Demonstrate a Plausible Inference that Tesla had Pre-Sale Knowledge of the Suspension Defect He Alleges. ..................................................................................................... 1

B. Ma Also Fails to Allege with Particularity Exactly What Tesla Should have Disclosed and How. ............................................................................................................................................. 7

II. Ma's Claims for Equitable Relief Fail. ....................................................................................... 9

A. Ma does not allege legal remedies would be inadequate. ......................................................... 9

B. Ma Fails to Establish Standing for His Injunctive Relief Claim. ............................................ 10

CONCLUSION .............................................................................................................................. 11

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*In re Arris Cable Modem Consumer Litig.*,
  2018 WL 288085 (N.D. Cal. Jan. 4, 2018) ................................................................................8

*Banks v. Bigelow, Inc.*,
  2021 WL 1734779 (C.D. Cal. May 3, 2021) ...........................................................................10

*Blissard v. FCA US LLC*,
  2018 WL 6177295 (C.D. Cal. Nov. 9, 2018) .............................................................................4

*Browning v. American Honda Motor Co. Inc.*,
  2021 WL 3022007 (N.D. Cal. July 16, 2021)............................................................................8

*Clark v. Eddie Bauer*,
  2021 WL 1222521 (W.D. Wash. April 1, 2021) .....................................................................10

*In re Coca-Cola Prod. Mktg. & Sales Pracs. Litig. (No. II)*
  2021 WL 3878654 (9th Cir. Aug. 31, 2021) ...........................................................................11

*Davidson v. Kimberly-Clark Corp.*,
  889 F.3d 956 (9th Cir. 2018) .............................................................................................10, 11

*Falco v. Nissan N. Am. Inc.*,
  2013 WL 5575065 (C.D. Cal. Oct. 10, 2013)............................................................................6

*Hall v. Gen. Motors, LLC*,
  2020 WL 1285636 (E.D. Mich. Mar. 18, 2020), appeal filed, No. 20-1321 (6th
  Cir. Apr. 20, 2020) ....................................................................................................................4

*Heber v. Toyota Motor Sales U.S.A., Inc.*,
  2018 WL 3104612 (June 11, 2018 C.D Cal.) ...........................................................................8

*Johnson v. Glock, Inc.*,
  2021 WL 428635 (N.D. Cal. Feb. 8, 2021) ..............................................................................8

*Lee v. Retail Store Employee Building Corporation*
  2017 WL 346021 (N.D. Cal. Jan. 24, 2017).............................................................................9

*MacDonald v. Ford Motor Co.*,
  37 F. Supp. 3d 1087 (N.D. Cal. 2014) ......................................................................................6

*Mandani v. Volkswagen Grp. Of Am., Inc.*,
  2019 WL 652867 (N.D. Cal. Feb 15, 2019) ..........................................................................3, 6

*Peckerar v. Gen. Motors, LLC*,
  2019 WL 6825757 (C.D. Cal. July 24, 2019)...........................................................................8

*Reniger v. Hyundai Motor Am.*,
   122 F. Supp. 3d (N.D. Cal. 2015) ........................................................................................ 6

*Salas v. Toyota Motor Sales, U.S.A., Inc.*,
   2016 WL 7486600 (C.D. Cal. Sept. 27, 2016) ..................................................................... 6

*Shields v. Alere Home Monitoring, Inc.*,
   2015 WL 7272672 (N.D. Cal. Nov. 18, 2015) ..................................................................... 8

*Sloan v. Gen. Motors, LLC*,
   2017 WL 3283998 (N.D. Cal. Aug. 1, 2017) ....................................................................... 4

*Sloan v. General Motors LLC*,
   287 F. Supp. 3d 840 (N.D. Cal. 2018) ................................................................................. 5

*Sonner v. Premier Nutrition Corp.*,
   971 F.3d 834 (9th Cir. 2020) ............................................................................................... 9

*Sukonik v. Wright Med. Tech., Inc.*,
   2015 WL 10682986 (C.D. Cal. Jan. 26, 2015) ..................................................................... 8

*Summers v. Earth Island Inst.*,
   555 U.S. 488 (2009) ........................................................................................................... 11

*TransUnion LLC v. Ramirez*,
   141 S. Ct. 2190 (2021) ................................................................................................. 10, 11

*Victorino v. FCA US LLC*,
   2018 WL 1083395 (S.D. Cal. Feb. 27, 2018) ...................................................................... 3

*Villanueva v. Am. Honda Motor Co.*,
   2019 WL 8112467 (C.D. Cal. Oct. 10, 2019) ...................................................................... 9

*Walsh v. Dept. of Human Resources*,
   471 F.3d 1033 (9th Cir. 2006) ............................................................................................. 9

*Watkins v. MGA Ent., Inc.*,
   2021 WL 3141218 (N.D. Cal. July 26, 2021) ...................................................................... 9

*Williams v. Tesla, Inc.*,
   2021 WL 2531177 (N.D. Cal. June 21, 2012) ................................................................. 7, 9

*Williams v. Tesla, Inc.*,
   2022 WL 899847 (N.D. Cal. Mar. 28, 2022) ................................................................... 3, 7

*Williams v. Yamaha Motor Co. Ltd.*,
   851 F.3d 1015 (9th Cir. 2017) ......................................................................................... 4, 7

*Wilson v. Hewlett-Packard Co.*,
   668 F.3d (9th Cir. 2012) ...................................................................................................... 3

**Statutes**

California's Consumers Legal Remedies Act ...................................................................................1

California's False Advertising Law ...................................................................................................1

California's Unfair Competition Law ................................................................................................1

**Court Rules**

Fed. R. Civ. P. 9(b) ............................................................................................................................8

Fed. R. Civ. P. 65(d) ........................................................................................................................10

# INTRODUCTION

This Court already rejected Plaintiff Michael Ma's attempt to rely on a 2013 Technical Service Bulletin ("TSB") as evidence of Tesla's presale knowledge of the alleged serious and catastrophic suspension defect Ma alleges. According to the Court, the defect described in the 2013 TSB "is not the same as… a suspension defect that 'unreasonably increases the risk of crash and threatens the health and safety of the drivers and passengers,'" Dkt. No. 64 at 7-8.

Ma now argues that the Court should infer Tesla's presale knowledge of the defect he alleges because the 2013 TSB demonstrates Tesla had presale knowledge that a defect in the suspension system could lead to premature or abnormal wear and that it is plausible that premature or abnormal wear is the "first link in the causal chain leading to the failures Ma and other Tesla drivers experienced." Opp. at 3-4. Ma's argument should be rejected again. Not only does the 2013 TSB address a different issue, different parts, and different vehicles than the defect Ma alleges, Ma can point to nothing to demonstrate that Tesla had presale knowledge that premature or abnormal wear of a suspension component could lead to the catastrophic defect he alleges. Without that missing piece, Ma (still) has no way to connect the 2013 TSB to his defect theory, and thus, has not plausibly alleged Tesla's presale knowledge of the purported serious and catastrophic defect.

Additionally, Ma's arguments fail to rescue his CLRA, UCL, and FAL claims because Ma does not (and cannot) plead with the requisite particularity what Tesla should have disclosed and how. Ma also remains unable to plead equitable or future injunctive relief, having repeatedly failed to allege that he lacks an adequate remedy at law and that he has standing to pursue his injunctive relief claim.

Tesla respectfully requests that its motion be granted in its entirety and Ma's claims in the Third Amended Complaint ("TAC") be dismissed with prejudice.

# ARGUMENT

**I.   Ma's CLRA (Count I), UCL (Count II), and FAL (Count III) Claims Should be Dismissed.**

   **A.   Ma Fails to Demonstrate a Plausible Inference that Tesla had Pre-Sale Knowledge of the Suspension Defect He Alleges.**

1  Ma concedes that the only possible factual support in the TAC for Tesla's purported presale knowledge of the suspension defect he alleges ("Alleged Defect") is TSB 13-31-003. In deciding whether Ma has sufficiently alleged Tesla's presale knowledge of the Alleged Defect, and thus, a duty to disclose the Alleged Defect, the Court must determine whether TSB 13-31-003 (standing alone) suggests that it was plausible that Tesla had knowledge of Alleged Defect. As Ma ignores, the Court has already determined TSB 13-31-003 "does not plausibly support an inference that Defendant knew of the alleged Suspension Defect at the time Defendant sold Plaintiff a 2014 Model S car." Dkt. No. 64 at 7-8. Ma's arguments and his handful of new allegations related to Tesla's current online parts catalogue do not change that.

In Ma's previous opposition to Tesla's Motion to Dismiss the Second Amended Complaint, Ma conceded that TSB 13-31-003 "describes a defect lesser in scope than the SAC alleges" (Dkt. No. 59 at 4) and "the SAC does not allege that the Suspension Defect is of the nature described in the 2013 TSB—the SAC alleges a far worse defect rendering the entire suspension system a hazard." *Id.* at 11. After those arguments failed to persuade the Court that Tesla had sufficient presale knowledge of the Alleged Defect to sufficiently establish Tesla's duty to disclose, Ma now argues, that "it is perfectly plausible" that the defect discussed by TSB 13-31-003 "was in turn the first link in the causal chain leading to the failures Ma and other Tesla drivers experienced." Opp. at 3-4. Ma's convoluted argument trying to tie the language of TSB 13-31-003 to the Alleged Defect is unavailing.

First, Ma fails to allege any facts tying the "non-safety related condition" that could cause "a clicking or clunking sound from the front suspension when driving over large bumps," that if not addressed, could cause accelerated wear on the ball joints and "premature replacement of components" and remedy (install 4 washers on the lower control arm ball joints) identified in TSB 13-31-003 to the Alleged Defect other than his speculation that it is "perfectly plausible that the defect discussed by TSB 13-31-003 was in turn the first link in the causal chain leading to the failures Ma and other Tesla drivers experienced." Opp. at 3-4. Ma's rote speculation and conclusory allegations are insufficient to create a plausible inference of Tesla's purported presale knowledge of the Alleged Defect. *Wilson v. Hewlett-Packard Co.,* 668 F.3d at 1146 -1147(9th Cir. 2012) (finding

that plaintiff's conclusory allegations did not sufficiently allege that the defendant knew of the defect at the time of sale).

Second, whether it is "perfectly plausible" that the "non-safety-related-condition" (Dkt. No. 69-4) described in TSB 13-31-003 "was in turn the first link in the causal chain" is irrelevant. Rather, the question is, does TSB 13-31-003 plausibly support an inference of Tesla's presale knowledge of the defect Ma alleges in the TAC, which Ma describes as a defect that "causes the parts that connect the wheels to the Class Vehicles to detach, causing the affected wheel to fold inwards … or completely detach." TAC ¶ 22. As this Court has already decided, and for the reasons discussed in Tesla's moving brief, it does not.

Third, and perhaps most important, TSB 13-31-003 makes no mention of most of the suspension components Ma claims are defective, including none of the rear suspension components, no mention of any component cracking or breaking, and no mention that the "non-safety-related condition" in TSB 13-31-003 can lead to "wheel[s] fold[ing] inward" and possibly detaching, "sudden and unexpected loss of steering control" without any warning, suspension components being "at an imminent risk of failure," an "unreasonable increase" in the risk of crashes and "threats to the health and safety of the drivers and passengers of the Class Vehicles." TAC ¶¶ 2, 3, 22. Put another way, instead of identifying what the Alleged Defect is, Ma describes the Alleged Defect by what it allegedly does. *Id.* His allegations about what the Alleged Defect does do not align with TSB 13-31-003.

Simply put, TSB 13-31-003 cannot be factual support for Tesla's presale knowledge of the Alleged Defect. *Williams v. Tesla, Inc.*, 20-cv-08208-HSG, 2022 WL 899847, *3 (N.D. Cal. Mar. 28, 2022); *Mandani v. Volkswagen Grp. Of Am., Inc.*, 2019 WL 652867, at *7 (N.D. Cal. Feb 15, 2019) ("[t]his Court cannot conclude that one TSB related to noise issues, standing alone, means that Defendants had knowledge of a more-serious safety defect"); *Victorino v. FCA US LLC*, No. 16cv1617-GPC(JLB), 2018 WL 1083395, at *8 (S.D. Cal. Feb. 27, 2018) ("[w]hen addressing a defendant's pre-sale knowledge, courts have held that the defendant must have knowledge of the specific defect alleged, not a general defect."); *Sloan v. Gen. Motors, LLC*, 2017 WL 3283998, at *7 (N.D. Cal. Aug. 1, 2017) (dismissing fraud claim and rejecting plaintiffs' reliance on a TSB where it

addressed "the general problem of excessive oil consumption, and does not mention the alleged specific defect"); *Blissard v. FCA US LLC*, 2018 WL 6177295, at *13 (C.D. Cal. Nov. 9, 2018) (TSB that did not demonstrate knowledge of the "specific defect alleged in the Complaint" was insufficient); *see also Hall v. Gen. Motors, LLC*, 2020 WL 1285636 at *8 (E.D. Mich. Mar. 18, 2020), appeal filed, No. 20-1321, (6th Cir. Apr. 20, 2020) (rejecting TSBs as evidence of knowledge where they did "not mention any of the 'safety hazards' that lie at the core of Plaintiffs' definition of the [alleged] defect").

Ma tries to make an end run around having to plead Tesla's pre-sale knowledge of the specific defect he alleges by arguing that he does not need to allege Tesla's presale knowledge of "damages" and "causation," which both involve "questions of fact," that "cannot be decided as a matter of law from the allegations of the complaint." Opp. at 4-5, 7. Specifically, Ma argues that "whether the accelerated wear caused by the free play discussed in the 2013 TSB led to Plaintiff's accident, in any event, remains a question not of pleading the right defect, but of causation." *Id*. at 7. Ma never alleges that the Alleged Defect caused him to get into an accident. Nor is Tesla arguing Ma pled the wrong defect.[1] Rather, Tesla is arguing that in order for Ma to pursue his CLRA, UCL, and FAL claims (which all require a duty to disclose to be viable) Ma must plausibly allege Tesla's presale knowledge of the defect *he alleges*. Putting all of that aside, Ma's causation and damages arguments are irrelevant and not supported by the cases he cites.

This is not an issue of causation., *i.e.*, did, or could, the issue described in TSB 13-31-003 lead to "wheel[s] fold[ing] inward," "completely detach[ing], "manifest[ing] without warning," caus[ing] the sudden and unexpected loss of steering control," causing the suspension components to be "at an imminent risk of failure," "unreasonably increase[ing] the risk of crash and threaten[ing] the health and safety of the drivers and passengers of the Class Vehicles." Rather, the issue is what did Tesla know when it sold Ma his vehicle in 2014. Thus, all of the arguments and cases Ma cites

---

[1] Ma could have pled a non-safety related condition impacting a specific suspension component that could, if not corrected, lead to accelerated wear and the possible need for premature replacement of components. He chose not to. Likely because he is well aware that it would be extremely difficult to prove that such a condition created a duty to disclose. *Williams v. Yamaha Motor Co. Ltd.*, 851 F.3d 1015, 1028 (9th Cir. 2017) (explaining that to establish a manufacturer's post-warranty duty to disclose, the alleged omission must concern an unreasonable safety hazard).

related to causation being a question of fact are irrelevant. Put another way, even if the condition described in TSB 13-31-003 could be the first step in the parade of horribles Ma alleges, for purposes of this motion, that is irrelevant unless Ma can plausibly allege that Tesla knew at the time of sale that TSB 13-31-003 was the first step in the parade of horribles. This is because the only relevant inquiry is what Tesla purportedly knew prior to Ma's purchase.

      Ma's argument related to "damages" also does not help Ma. It is unclear what Ma means when he argues that "Tesla conflates the defect with its damages. Tesla need only have knowledge of the defect to make a claim under the UCL, CLRA, and FAL….Once Tesla sends a known defective product to market, it is responsible for the resulting damage the defect causes." Opp. at 4. Whether or not that is true about Tesla's responsibility, again, says nothing about Tesla's alleged presale knowledge of the Alleged Defect. To the extent Ma is arguing that he does not need to allege knowledge of the purported implications of the Alleged Defect, i.e., "negative camber, which, according to Ma, causes the parts that connect the wheels to the Class Vehicles to detach, causing the affected wheel to fold inwards," and in severe cases to "completely detach," or that Tesla had any knowledge that the condition described in TSB 13-31-003 could implicate safety, this is certainly not supported by the case Ma cites. In *Sloan v. General Motors LLC,* the Court found Plaintiff effectively bolstered the complaint with additional consumer complaints and alleging that the number of complaints far exceeds the number of similar complaints for competitor vehicles relating to oil consumption. 287 F. Supp. 3d 840, 866-67 (N.D. Cal. 2018). The Court also found that the plaintiffs' presale knowledge allegations were bolstered by pointing to two TSBs in which GM acknowledged that the parts that the plaintiffs claimed were defective in the putative class vehicles could cause excessive oil consumption (which, based on Ma's reasoning, would be the "damages" caused by the alleged defect). *Id.* at 866. Here, the only factual support Ma has to support his allegations that Tesla had presale knowledge of the Alleged Defect is TSB 13-31-003, which in no way suggests that the "non-safety-related-condition" could lead to negative camber, and certainly does not suggest any of the purported risks to safety that Ma alleges.[2] *Mandini v. Volkswagen Group*

---

[2] None of Ma's cited authorities inferred knowledge based solely on a TSB. *Falco v. Nissan N. Am. Inc.*, 2013 WL 5575065 at *7 (C.D. Cal. Oct. 10, 2013) (TSB plus allegations Nissan redesigned the

*of America, Inc.*, 2019 WL 652867 (Feb. 15, 2019) ("[t]his Court cannot conclude that one TSB notice related to noise issues, standing alone, means that Defendants had knowledge of the a more serious safety defect.").[3]

Ma also fails to address Tesla's arguments explaining why Plaintiffs' allegations about the current part catalogue does not address the Court's concern that "the 2013 TSB is about 2012-2013 Model S Cars. Plaintiffs owns a 2014 Model S" and does not plausibly create an inference that Tesla had knowledge that the "front lower control arm washer installation" issue described in TSB 13-31-003 also applied to Ma's vehicle. Ma's only response is that "this is a factual dispute." Opp. At 7-8. It is not clear what exactly Ma believes is a "factual dispute." But what is clear, is that for Ma to rely on TSB 13-31-003 as factual support of Tesla's presale knowledge of the Alleged Defect, he needed to sufficiently allege that Tesla knew presale that the issue described in TSB 13-31-003 also applied to Ma's 2014 vehicle. For the reasons discussed in Tesla's moving brief, Ma's new allegations related to Tesla's current online parts catalogue do not create a plausible inference that Tesla had knowledge in 2014 that the "front lower control arm washer installation" issue described in TSB 13-31-003 also applied to Ma's vehicle. These reasons include, but are certainly not limited to, that the nut and washer, which are the required parts for the TSB 13-31-003 repair, are **not** listed as one of

---

part and introduced a replacement part a year after plaintiffs' purchases); *MacDonald v. Ford Motor Co.*, 37 F. Supp. 3d 1087, 1093 (N.D. Cal. 2014) (three TSBs plus complaints, numerous testing allegations, high levels of repair orders and warranty reimbursements, and replacement part sales data); *Parrish v. Volkswagen Grp. Of Am., Inc.*, No. 8:19-cv-01148 (C.D. Cal. May 7, 2020) at 9-16, ECF No. 71 (service bulletin plus a "sampling of more than 100 complaints, some of which describe contacts directly with Defendant," and specific allegations of testing and aggregate data); *Salas v. Toyota Motor Sales, U.S.A., Inc.*, 2016 WL 7486600 at *10 (C.D. Cal. Sept. 27, 2016) (TSBs plus complaints, warranty data, repair records, testing conducted in response to complaints, and a technician's training manual acknowledging issues); *Reniger v. Hyundai Motor Am.*, 122 F. Supp. 3d 889-900 (N.D. Cal. 2015) (a "string of TSBs" and customer complaints to NHTSA.

[3] Ma's attempt to distinguish *Mandani* falls flat. According to Ma, unlike in *Mandani*, he does not allege a "noise defect" caused his damages. Opp. at 5. But neither did the plaintiff in *Mandani*. 2019 WL 652867, at * 1. Ma also argues *Mandani* is distinguishable because the plaintiff in *Mandani* could not point to anything that would allow the court to draw a plausible inference that the defendant knew that the condition described in the TSB could lead to the alleged transmission problem. Opp. at 5. So too here. As this Court has already decided, Ma does not point to anything that would allow the court to draw a plausible inference that Tesla had knowledge of the Alleged Defect. Ma adds no new allegations to the TAC on this point and his arguments provide no basis for the Court to find otherwise.

the components that may be used in Model S vehicles produced from February 2012 to March 2016. *See* Mov. Br. at 4-5 for additional reasons Ma's new allegations related to Tesla's current parts catalogue do not create a plausible inference that Tesla had knowledge that the "front lower control arm washer installation" issue described in TSB 13-31-003 also applied to Ma's vehicle.

In short, no court has found that a plaintiff sufficiently alleged presale knowledge of an alleged defect based on one TSB, let alone one TSB related to a discrete "non-safety-related" condition in a different vehicle that does not align with the plaintiff's defect theory. There is simply no reason for the Court to deviate from its prior decision finding that "the 2013 TSB does not plausibly support an inference that Defendant knew of the alleged Suspension Defect at the time Defendant sold Plaintiff a 2014 Model car." *Williams II* at 2022 WL 899847, *3.

### B. Ma Also Fails to Allege with Particularity Exactly What Tesla Should have Disclosed and How.

Ma does not dispute (nor can he because the Court has already decided this issue) that in order to plead his omission-based claims, he must plead "the content of the omission and where the omitted information should or could have been revealed, as well as provide representative samples of advertisements, offers, or other representations that plaintiff relied on to make [his] purchase and that failed to include the allegedly omitted information." *Williams v. Tesla, Inc.*, 20-cv-08208-HSG, 2021 WL 2531177 at * 7 (N.D. Cal. June 21, 2012) ("Williams I").

Despite three complaints and three rounds of briefing, it remains unclear what Ma believes Tesla should have disclosed. For the first time, Ma argues that what Tesla should have disclosed is that "there was 'free play' that could cause wear and ultimately premature replacement of components."[4] Opp. at 9. This is markedly different than how Ma describes the "Suspension Defect" in the TAC that Tesla allegedly failed to disclose, i.e., "one or more latent defects in the suspension system that causes the front and rear suspension control arm assembly components to prematurely loosen, wear, crack and/or break," which "unreasonably increases the risk of crash and threatens the

---

[4] As discussed above, if this is all Ma is claiming Tesla needed to disclose, Ma makes no allegations that the "free play," wear, or "premature replacement components", create an unreasonable safety hazard, as he must, to pursue his claims based on a duty to disclose. *Williams*, 851 F.3d at 1028.

health and safety of the drivers and passengers of the Class Vehicles." *See* TAC ¶¶ 2, 3, 22. Ma's inability to allege with specificity "what" Tesla should have disclosed is reason alone to dismiss his claims. *Browning v. American Honda Motor Co. Inc.*, 20-cv-05417, 2021 WL 3022007, at * 11 (N.D. Cal. July 16, 2021) (dismissing fraud based claim because "the Court cannot tell what, exactly, Plaintiffs wanted AHM to disclose."); *Heber v. Toyota Motor Sales U.S.A., Inc.*, 2018 WL 3104612, *6 (June 11, 2018 C.D Cal.) (dismissing fraud claims because of failure to describe the content of the omission, including details of any increased incident risk, that should have been disclosed and where it should have been disclosed), aff'd in relevant part relating to fraud claim dismissal, reversed in unrelated part at 823 F. App'x. 512 (9th Cir. Aug. 19, 2020).

Not only does Ma fail to allege what Tesla should have disclosed, he fails to allege "where" the allegedly omitted information should have been disclosed. Ma protests that his "engagement with the website demonstrates that a disclosure regarding the premature wear caused by the suspension defect would have been sufficient to warn Ma and change his purchase." Opp. at 9. But he critically neglects to allege what he allegedly reviewed, or when. Simply alluding to the "website" or "specific website pages" without identifying or pleading what was reviewed is insufficient to satisfy Rule 9(b). *Shields v. Alere Home Monitoring, Inc*., 2015 WL 7272672, at *8 (N.D. Cal. Nov. 18, 2015); *In re Arris Cable Modem Consumer Litig*., 2018 WL 288085, at *9 (N.D. Cal. Jan. 4, 2018); *Johnson v. Glock, Inc.,* 2021 WL 428635, at *4 (N.D. Cal. Feb. 8, 2021); *Peckerar v. Gen. Motors, LLC*, 2019 WL 6825757, at *3-4 (C.D. Cal. July 24, 2019).

Ma also argues that this Court may "infer" or "presume" reliance in this case because he alleged in boilerplate fashion that prior to purchase he reviewed Tesla's website and in 2014 the only way to purchase a Tesla automobile was on Tesla's website. Opp. at 8-9. Reliance cannot simply be inferred or presumed. Rather, to plead an omission-based claim, Ma must spell out the path to that exposure through specific allegations, which he utterly fails to do. *Sukonik v. Wright Med. Tech., Inc*., No. CV 14–08278 BRO (MRWx), 2015 WL 10682986, at *16 (C.D. Cal. Jan. 26, 2015) (dismissing omission claim because "plaintiff must plead facts demonstrating that he was actually exposed to the 'incomplete and inaccurate' promotional materials and found them to be material in selecting the Profemur device.").

Ma's final argument is equally meritless. Ma argues that his omission-based claims should not be dismissed "merely because Ma cannot name the specific employees to whom he spoke." Opp. at 8. This mischaracterizes Tesla's argument. Tesla is not moving to dismiss Ma's claims because he failed to identify employees who concealed or omitted whatever information Ma believes should have been disclosed. Rather, Tesla is moving to dismiss Ma's claims because he fails to identify where the purportedly omitted information should have been revealed and that he would have seen the information had it been revealed. *Williams*, 2021 WL 2531177 at *7.

## II.     Ma's Claims for Equitable Relief Fail.

### A.     Ma does not allege legal remedies would be inadequate.

Ma misunderstands the inadequate remedy at law requirement and makes no meaningful attempt to distinguish *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834 (9th Cir. 2020), or any subsequent authorities Tesla cites on this point. *See* Mov. Br. at 8-14. Rather, Ma takes issue with Tesla's reliance on *Watkins v. MGA Ent., Inc.*, No. 21-CV-00617-FJCS, 2021 WL 3141218, at *17 (N.D. Cal. July 26, 2021), and its argument that in order to justify injunctive relief, Ma must allege prospective relief to address future conduct. Opp. at 12-13. It is difficult to understand Ma's argument because Ma then argues he has pled prospective relief to address future harm.[5]

According to Ma, he alleges potential future harm because he does not know if the repairs to his vehicle were successful and if he obtains only legal damages, he may find himself in a situation where "in effect, he will have to take his damages and use them to effect further repair of the same defect while suffering the safety risks attendant to the failed suspension (or, most likely, both)." Opp. at 13.

Ma, however, never explains what equitable relief he is seeking. *Villanueva v. Am. Honda Motor Co.*, 2019 WL 8112467, at *13 (C.D. Cal. Oct. 10, 2019) (it is difficult for a plaintiff to contend that prospective injunctive relief is really necessary to avoid irreparable harm if they "do not even clarify what injunctive relief they are seeking…."); *see also* generally Fed. R. Civ. P. 65(d)

---

[5] In his Opposition, Ma does not argue that his allegations related to past conduct are sufficient to justify an injunction, thereby conceding the point. *Walsh v. Dept. of Human Resources,* 471 F.3d 1033 at 1037 (9th Cir. 2006); *Lee v. Retail Store Employee Building Corporation,* 2017 WL 346021, at *20 (N.D. Cal. Jan. 24, 2017).

1  (stating that every order granting an injunction "must (B) state its terms specifically; and (C) describe in reasonable detail—and not by referring to the complaint or other document—the act or acts restrained or required."). Additionally, the purported "harm" Ma conjures up is speculative at best. This is especially true because Ma does not allege any accidents or injury resulting from the Alleged Defect. *See Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 967 (9th Cir. 2018) ("for injunctive relief, which is a prospective remedy, the threat of injury must be 'actual and imminent, not conjectural or hypothetical.'")

In any event, damages (assuming Ma is entitled to any) would fully compensate Ma for any overpayment for the allegedly defective vehicle, so there is no need for an injunction requiring a repair. In other words, Ma will be made whole even if he does not obtain that relief, because the compensation equals whatever economic losses he can prove he incurred from his purchase. *See* Mov. Br. at 16:4-17:9; *see also Clark v. Eddie Bauer*, 20-cv-1106, 2021 WL 1222521 (W.D. Wash. April 1, 2021), at *4 (dismissing injunctive relief claim because the complaint did not "contain plausible allegations explaining why [plaintiff's] legal remedies were inadequate as to past and future harms—both are financial and both can be cured by the monetary damages"); *Banks v. Bigelow, Inc.*, 20-cv-6208 DDP, 2021 WL 1734779, at *5-6 (C.D. Cal. May 3, 2021).

In short, Ma fails to plead facts that, if proven, would show legal remedies would be inadequate. This is reason alone to dismiss his claims for equitable relief.

### B.   Ma Fails to Establish Standing for His Injunctive Relief Claim.

Ma does not dispute that even if he plausibly pled that he is entitled to seek equitable/injunctive relief under the adequate remedy at law doctrine, he must separately plead facts demonstrating standing to pursue injunctive relief. Opp. at 10-11; *see also Davidson*, 889 F.3d 956, 966 (9th Cir. 2018), cert. denied, 139 S. Ct. 640 (2018) accord *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190 (2021). To demonstrate standing, Ma must articulate facts showing he is likely to be harmed in the future, and the threat of injury is "actual and imminent, not conjectural or hypothetical." *Davidson*, 889 F.3d at 966 (allegations of possible injury are insufficient); *TransUnion LLC*, 141 S. Ct. at 2199 (for injunctive relief in the federal courts, plaintiff must plead

risk of "imminent and substantial" harm). As discussed in Tesla' moving brief, Ma falls decidedly short. Mov. Br. at 18:17-19:10.

Ma argues that he has standing because it is possible that the Alleged Defect may manifest itself in a different way than Ma claims it already manifested (and was repaired) in his vehicle. Opp. at 10-11. Such vague and hypothetical allegations that future repairs might help avoid future harm are not enough to plead standing to seek injunctive relief. *Villanueva*, 2019 WL 8112467, at *13-14 (C.D. Cal. Oct. 10, 2019); *see also In re Coca-Cola Prod. Mktg. & Sales Pracs. Litig. (No. II)*, 2021 WL 3878654, at *2 (9th Cir. Aug. 31, 2021) (reaffirming: "to have standing to seek injunctive relief, the threatened injury must be certainly impending to constitute injury in fact," while noting "allegations (like Ma's) of possible future injury are not sufficient"); *Davidson*, 889 F.3d at 967 ("[f]or injunctive relief, which is a prospective remedy, the threat of injury must be 'actual and imminent, not conjectural or hypothetical.'") (*quoting Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009).)

Ma's other argument is equally meritless. Ma argues that because he might want to purchase a "future Tesla vehicle," he pleads a plausible claim of potential harm sufficient to satisfy Article III standing. Opp. at11. But as Tesla explained in its moving brief, and to which Ma has no answer, Ma never alleges any "future Tesla vehicles" suffer from the Alleged Defect. In other words, Ma cannot possibly have standing to seek an injunction related to vehicles not at issue in this lawsuit and vehicles that he does not allege are defective.

## CONCLUSION

Ma has been provided three opportunities to plead his claims against Tesla in this matter. In the TAC he has once again failed to do so. Accordingly, Tesla respectfully requests that the Court dismiss all of Ma's claims in their entirety and with prejudice.

Dated: June 13, 2022                     Respectfully Submitted,

                                                                SHOOK, HARDY & BACON L.L.P.

                                                                By: */s/ Michael L. Mallow*

                                                                     Michael L. Mallow

Rachel A. Straus
Amir Nassihi
Jason M. Richardson

Attorneys for Defendant
TESLA, INC.