UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZACHERY WILLIAMS, et al., <br><br>　　　　Plaintiffs, <br><br>　v. <br><br>TESLA, INC., <br><br>　　　　Defendant. | Case No. 20-cv-08208-HSG <br><br>**ORDER GRANTING MOTION TO DISMISS** <br><br>Re: Dkt. No. 68 |

Before the Court is Defendant's motion to dismiss Plaintiff Ma's claims in the third amended complaint ("TAC").[1] *See* Dkt. No. 68 ("Mot."). The Court previously found this matter appropriate for disposition without oral argument and took the matter under submission. *See* Dkt. No. 73; Civil L.R. 7-1(b). The Court **GRANTS** the motion for the reasons below.

**I.　BACKGROUND**

Defendant, using a direct-to-consumer business model, designs and manufactures Tesla-branded automobiles, including the "Tesla Model S and Model X vehicles," which are sold through Defendant's website. *See* TAC ¶¶ 1, 17–18. Plaintiff Ma "purchased a new 2014 Tesla Model S directly from Tesla online." *Id.* ¶ 14. At the time he submitted his order, Plaintiff says he "reviewed specific website pages regarding the qualities and characteristics of the Tesla Model S, including information about the Model S vehicle's construction, features, and capabilities." *Id.* ¶ 66. In the fall of 2014, Plaintiff picked up his car from Defendant's factory in Fremont,

---

[1] The original complaint was brought by Plaintiff Zachery Williams individually and on behalf of all others similarly situated. Dkt. No. 1. Plaintiff Michael Ma joined Plaintiff Williams in the first amended complaint, Dkt. No. 7, and Plaintiff John Diteman joined Plaintiffs Williams and Ma in the second amended complaint, Dkt. No. 49. The pending motion to dismiss concerns only Plaintiff Ma's claims. *See* Mot.

California, where Defendant "provided [Plaintiff] with a tour . . . and provided additional instructions regarding the vehicle's features." *Id.* ¶ 67.² Around October 2019, he alleges he "began to hear a rattling noise emitting from the front of his 2014 Model S when driving on rough roads at a speed of 25 mph or more." *Id.* ¶ 68. Plaintiff says he "presented the vehicle to Tesla's service center in Palo Alto, California to diagnose and redress the issue" in November 2019 with 58,057 miles on the odometer. *Id.* ¶ 69. "To remedy the rattling problem," Tesla replaced the failed lower aft links "with a new front suspension aft link assembly." *Id.* ¶ 70. Plaintiff paid "$1,320.12 out-of-pocket for the cost of parts and labor." *Id.* Additionally, Plaintiff says his front lower fore links and strut bolts were replaced free of charge as a "goodwill" service under an "unidentified" technical service bulletin. *Id.* ¶ 71.

Plaintiff argues that the issues he experienced show a larger problem. He alleges that Model S and Model X vehicles produced between September 17, 2013 and October 15, 2018 (the "Class Vehicles") "suffer from one or more latent defects in their suspension system that cause the front and rear suspension control arm assembly components to prematurely loosen, wear, crack, and/or break (the 'Suspension Defect')." *Id.* ¶¶ 1–2. Plaintiff alleges that "the Suspension Defect unreasonably increases the risk of crash and threatens the health and safety of the drivers and passengers of the Class Vehicles" and affects the "use, enjoyment, safety, and value of the Class Vehicles." *Id.* ¶ 3.

Plaintiff alleges that at the time he purchased his vehicle Defendant "had significant and longstanding knowledge of the Suspension Defect through records of customer complaints, dealer repair records, records from NHTSA, warranty and post-warranty claims, internal pre-sale durability testing, and other various sources." *Id.* ¶ 35. Plaintiff also points to a safety recall in China and Defendant's technical service bulletins ("TSB") as further proof Defendant knew of the alleged Suspension Defect. *Id.* ¶¶ 25–26, 38–44, 57.

The earliest TSB (TSB-13-31-003) was issued on December 10, 2013 ("2013 TSB"). *Id.*

---

² In the TAC, Plaintiff continues to provide inconsistent dates about when he took ownership of the car. *See* ¶¶ 14, 67. Whether he took ownership in August or September 2014 is irrelevant to the Court's analysis.

1  ¶ 38; *see also* Dkt. No. 65-4.  The TAC alleges that although the 2013 TSB only references
2  2012–2013 Tesla vehicles, Tesla used the same parts on the Model S from 2012 to 2016, and thus
3  "there would have been no reason for Tesla to believe that the same suspension defect did not
4  exist in Model S 2014–2015 vehicles."  TAC ¶¶ 44–48.  Plaintiff alleges that Defendant "has gone
5  to great lengths to actively conceal its knowledge of the Suspension Defect" and tried to "avoid
6  the financial fallout that would result from recalling the Class Vehicles by downplaying the
7  dangerousness of the Suspension Defect and the scope of vehicles affected by it."  *Id.* ¶ 57.

Plaintiff brings claims against Defendant for: (1) violation of the California Consumer Legal Remedies Act, Cal. Civ. Code § 1750, *et seq.* ("CLRA"); (2) violation of the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq.*("UCL"); and (3) violation of the California False Advertising Law, Cal. Bus. & Prof. Code § 17500, *et seq.* ("FAL").[3]

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  A defendant may move to dismiss a complaint for failing to state a claim upon which relief can be granted under Rule 12(b)(6).  "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory."  *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).  To survive a Rule 12(b)(6) motion, a plaintiff need only plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is facially plausible when a plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In reviewing the plausibility of a complaint, courts "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party."  *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).  Nevertheless,

---

[3]Plaintiffs are no longer pursuing a fraudulent concealment claim.  *See* TAC.

United States District Court
Northern District of California

1  courts do not "accept as true allegations that are merely conclusory, unwarranted deductions of
2  fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir.
3  2008) (quoting *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)).

4  Upon concluding that a 12(b)(6) motion should be granted, a district court may deny leave
5  to amend "due to undue delay, bad faith or dilatory motive on the part of the movant, repeated
6  failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing
7  party by virtue of allowance of the amendment, [and] futility of amendment." *Leadsinger, Inc. v.*
8  *BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008) (quotation omitted).

## III. ANALYSIS

Plaintiff brings claims under the CLRA, UCL, and FAL. Under the CLRA, a manufacturer must disclose any defects that are contrary to a representation actually made by the manufacturer or any defects that pertain to a fact the manufacturer was obligated to disclose. *Smith v. Ford Motor Co.*, 749 F. Supp 2d 980, 987 (N.D. Cal. 2010). An obligation to disclose exists:

> "(1) when the defendant is in a fiduciary relationship with the plaintiff; (2) when the defendant had exclusive knowledge of material facts not known to the plaintiff; (3) when the defendant actively conceals a material fact from the plaintiff; and (4) when the defendant makes partial representations but also suppresses some material facts."

*Id*. (citation omitted). The UCL prohibits business acts or practices that are (1) fraudulent, (2) unfair, or (3) unlawful. *Daugherty v. American Honda Motor Co., Inc.* 144 Cal. App. 4th 824, 837 (Cal. Ct. App. 2d 2006). Finally, the FAL prohibits the use of untrue or misleading statements in connection with the sale of property when those statements are "known, or which by the exercise of reasonable care should be known, to be untrue or misleading." *See* Cal. Bus. & Prof. Code § 17500.

The Ninth Circuit has held that "[t]o state a claim for failing to disclose a defect, a party must allege '(1) the existence of a design defect; (2) the existence of an unreasonable safety hazard; (3) a causal connection between the alleged defect and the alleged safety hazard; and that the *manufacturer knew of the defect at the time a sale was made*." *Williams v. Yamaha Motor Co. Ltd.*, 851 F.3d 1015, 1025–26 (9th Cir. 2017) (emphasis added) (citations omitted) (affirming

4

1  dismissal of claims brought under the CLRA and UCL); *see also Wilson v. Hewlett-Packard Co.*,
2  668 F.3d 1136, 1145 n.5 (9th Cir. 2012) (noting that for a UCL claim "the failure to disclose a fact
3  that a manufacturer does not have a duty to disclose, *i.e.*, a defect of which it is not aware, does
4  not constitute an unfair or fraudulent practice."); *Punian v. Gillette*, No. 14-cv-05028-LHK, 2015
5  WL 4967535, at *9 (N.D. Cal. August 20, 2015) (dismissing CLRA, UCL, and FAL claims
6  because the plaintiff failed to sufficiently allege that the defendants had knowledge of the defect at
7  the time the defendant made its advertising statements or at the time of sale).[4]  Moreover, a
8  manufacturer's pre-sale knowledge must go to the specific defect alleged.  *See Victorino v. FCA*
9  *US LLC*, No. 16-cv-1617-GPC (JLB), 2018 WL 1083395, at *7 (S.D. Cal. Feb. 27, 2018); *Stewart*
10 *v. Electrolux Home Prod., Inc.*, 304 F. Supp. 3d 894, 908 (E.D. Cal. 2018).

11       Plaintiff again fails to plausibly allege that Defendant knew or should have known of the
12 alleged Suspension Defect before selling Plaintiff Ma his car.  In the TAC, Plaintiff continues to
13 rely on the same conclusory allegations and single pre-sale document that the Court found
14 insufficient when it granted the second motion to dismiss Plaintiff Ma's claims.  *See Williams v.*
15 *Tesla, Inc.*, No. 20-CV-08208-HSG, 2022 WL 899847, at *4–5 (N.D. Cal. Mar. 28, 2022).  Both
16 parties agree that the only document Plaintiff offers that pre-dates Plaintiff Ma's purchase is the
17 2013 TSB.  *See* Dkt. No. 71 ("Opp.") at 1, Dkt. No. 72 ("Reply") at 2.  As the Court noted, the
18 2013 TSB does not pertain to 2014 models.  Plaintiff has now added allegations to the TAC that
19 Plaintiff Ma's 2014 model S used the same parts as the models referenced in the 2013 TSB.  *See*
20 TAC ¶¶ 23, 44–48.  Thus, he contends, Tesla would have known the defect identified in the 2013
21 TSB also affected Plaintiff's 2014 model.  *See* Opp. at 1.

22       But even taking this as true, Plaintiff has provided nothing that would change the Court's
23 finding that the "non-safety-related-condition" described in the 2013 TBS is not the same specific
24 defect alleged in the TAC.[5]  *See Williams*, 2022 WL 899847, at *5; *Mandani v. Volkswagen Grp.*

---

[4] At the hearing on the preceding motion to dismiss, Plaintiff's counsel agreed that he is required to plausibly allege Defendant's knowledge of the defect.  *See Williams*, 2022 WL 899847, at *3.

[5] In its order on the second motion to dismiss, the Court found that "the clicking defect caused by large bumps described in this 2013 TSB is not the same as Plaintiff's allegations regarding rattling noises when driving over the speed of 25 mph and a suspension defect that 'unreasonably

United States District Court
Northern District of California

*of Am., Inc.*, No. 17-CV-07287-HSG, 2019 WL 652867, at *7 (N.D. Cal. Feb. 15, 2019) ("This Court cannot conclude that one TSB notice related to noise issues, standing alone, means that Defendants had knowledge of a more-serious safety defect."). As Defendant notes, Plaintiff has not changed the description of the alleged defect, or offered anything new to establish pre-sale knowledge.

Again, the TAC alleges a dangerous Suspension Defect that "threatens the health and safety of the drivers and passengers of the Class Vehicles." TAC ¶ 3. More specifically, the alleged defect causes "sudden and unexpected loss of steering control" and "parts that connect the wheels to detach, causing the affected wheel to fold inwards." *Id.* ¶¶ 21–22. This is a far more severe defect than the 2013 TSB contemplates. Although the 2013 TSB notes "free play" and "accelerated wear," the defect is described only as causing "clicking or clunking noises [that] will become louder." *See* Dkt. No. 65-4. The 2013 TSB makes no mention of the type of safety hazard that is central to Plaintiff's alleged Suspension Defect. *See Mandani*, 2019 WL 652867, at *7; *Sloan v. General Motors, LLC*, 2017 WL 3283998, at *7 (N.D. Cal. Nov. 1, 2017) (rejecting reliance on TSB where it "addresse[d] the general problem of excessive oil consumption" but not "the alleged specific defect"); *Hall v. Gen. Motors*, LLC, No. 19-CV-10186, 2020 WL 1285636, at *6 (E.D. Mich. Mar. 18, 2020) ("The TSBs do not mention any of the 'safety hazards' that lie at the core of Plaintiff's definition of the [] Defect.").

Plaintiff argues that whether the condition described in the TSB "was the first link in the causal chain" leading to the Suspension Defect is an issue of fact that cannot be decided at this stage. *See* Opp. at 2–4. But what matters is what Defendant *knew* at the time of sale. As Defendant correctly points out, even if the TSB condition could be the "first step," that is irrelevant unless Plaintiff plausibly alleges that Defendant was aware at the relevant time that the TSB condition could lead to the much more hazardous alleged Suspension Defect. *See* Reply at 4–5. Plaintiff fails to do so.

---

increases the risk of crash and threatens the health and safety of the drivers and passengers.'" *Williams*, 2022 WL 899847, at *5.

6

Because Plaintiff Ma again fails to plausibly allege that Defendant knew, or should have known,[6] of the alleged Suspension Defect before selling Plaintiff the car, Plaintiff's claims under the CLRA, FAL, and UCL[7] are **DISMISSED** with prejudice.[8]  This is Plaintiff Ma's third failed attempt to cure the defects in the complaint, and was his "last opportunity . . . to state a viable claim," as the Court made clear in its last order.  *Williams*, 2022 WL 899847, at *7.

//
//
//
//
//
//
//
//
//
//
//
//
//

---

[6] It is unclear whether the Ninth Circuit permits a "should have known" standard for CLRA and UCL claims.  *See Resnick v. Hyundai Motor America, Inc.*, No. CV 16-00593-BRO, 2017 WL 1531192, at *14 (C.D. Cal. April 13, 2017).  That said, the FAL imposes liability if a false statement "should be known" to be untrue by the exercise of reasonable care.  Even to the extent a "should have known" standard could apply, for the same reasons that Plaintiff fails to plausibly allege actual knowledge, he also fails to plausibly allege that Defendant should have known of the alleged defect.

[7] Plaintiff's claim under the "unlawful" prong of the UCL is derivative of his CLRA and FAL claims.  *See Wilson*, 668 F.3d at 1145–46 ("An action under the UCL's unlawful prong 'borrows violations of other laws and treats them as unlawful practices that the unfair competition law makes independently actionable.'") (citing *Cel-Tech Commc'ns Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal. 4th 163, 180 (1999)).  Because Plaintiff has failed to state a claim under those laws, his claim under the "unlawful" prong of the UCL also fails.

[8] Because the Court finds Plaintiff Ma's CLRA, FAL, and UCL claims are not viable, the Court does not reach Defendant's arguments regarding equitable and injunctive relief.

7

## IV. CONCLUSION

The Court **GRANTS** Defendant's motion to dismiss without leave to amend and dismisses Plaintiff Ma's claims with prejudice. The Clerk is directed to terminate Plaintiff Michael Ma. The Court further **SETS** a case management conference on February 7, 2023 at 2:00 p.m. to discuss how to move this case forward efficiently. All counsel shall use the following dial-in information to access the call:

Dial-In: 888-808-6929;

Passcode: 6064255

For call clarity, parties shall NOT use speaker phone or earpieces for these calls, and where at all possible, parties shall use landlines. The joint case management statement is due February 2, 2023.

**IT IS SO ORDERED.**

Dated: 1/27/2023

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge