Richard D. McCune (SBN 132124)
rdm@mccunewright.com
David C. Wright (SBN 177468)
dcw@mccunewright.com
Steven A. Haskins (SBN 238865)
sah@mccunewright.com
Mark I. Richards (SBN 321252)
mir@mccunewright.com
**McCUNE LAW GROUP, APC**
3281 Guasti Road, Suite 100
Ontario, California 91761
Telephone: (909) 557-1250
Facsimile: (909) 557-1275

*Attorneys for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ZACHERY WILLIAMS, MICHAEL MA, and JOHN DITEMAN, on behalf of themselves and all others similarly situated, | Case No.:  4:20-cv-08208-HSG |
| Plaintiffs, | **PLAINTIFFS' CASE MANAGAMENT STATEMENT** |
| v. | Judge Assigned: Hon. Haywood S. Gilliam, Jr. |
| TESLA, INC. and DOES 1 through 10, inclusive, | |
| Defendants. | |

1

1

**PROCEDURAL SUMMARY**

2        On November 20, 2020, Plaintiff Zachery Williams filed his complaint, Dkt. 1, alleging claims

3  against Defendant Tesla for : (1) violation of the California Consumer Legal Remedies Act, Cal. Civ.

4  Code § 1750, et seq. ("CLRA"); (2) violation of the California Unfair Competition Law, Cal. Bus. &

5  Prof. Code § 17200, et seq.("UCL"); and (3) violation of the California False Advertising Law, Cal.

6  Bus. & Prof. Code § 17500, et seq. ("FAL"). On November 25, 2020, Plaintiffs Williams, and Michael

7  Ma filed an Amended Complaint. (Dkt. 7.) On June 21, 2021, the Court granted Tesla's motion to

8  dismiss Ma's claims with leave to amend several of the claims. (Dkt. 44.)

9        On July 19, 2021, Plaintiffs Williams and Ma filed their Second Amended Complaint ("SAC"),

10  adding Plaintiff John Diteman. (Dkt. 49.) On March 28, 2022, the Court granted Tesla's motion to

11  dismiss Plaintiff Ma's claims with leave to amend. (Dkt. 64.)

12        On April 18, 2022, Plaintiffs filed their Third Amended Complaint ("TAC"). (Dkt. 65.) On May

13  2, 2022, Defendant filed a Motion to Dismiss Plaintiff Ma's claims only. On August 29, 2022, following

14  the completion of briefing on the motion to dismiss, the Court vacated the hearing and took the motion

15  under submission. (Dkt. 73.) On January 27, 2023, the Court granted Defendant's motion, dismissing all

16  of Plaintiff Ma's claims without leave to amend. (Dkt. 74.) The Court further ordered the parties to

17  submit a joint case management statement by February 2, 2023. (*Id.*)

18        At present, Plaintiff Ma's claims have been dismissed and Plaintiff Ma has only to wait for

19  judgment to be entered. Plaintiff Williams and Plaintiff Diteman's claims remain pending with

20  Defendant having previously indicated that it intends to move to compel arbitration of these Plaintiffs'

21  claims.

22        **PLAINTIFFS WILLIAMS AND DITEMAN'S INTENDED ACTION**

23        The parties previously submitted to the Court that the Court's ruling on the motion to dismiss

24  Plaintiff Ma's claims could impact whether Tesla's motion to compel Plaintiffs Williams' and

25  Diteman's claims to arbitration needs to be presented to the Court. Following review of the substance of

26  the Court's order granting Defendant's motion to dismiss Plaintiff Ma's claims, and after meeting and

27  conferring with counsel for Defendant, it is Plaintiffs Williams and Diteman's intention not to require

28

Plaintiffs' Case Management Statement
Case No.: 4:20-cv-08208-HSG

Defendant to file a motion to compel arbitration of Plaintiffs' claims but, rather, to dismiss their pending claims in their entirety without prejudice.

Upon the filing of the notices of dismissal, the only procedural step remaining for this court to take will be the entry of judgment as to Plaintiff Ma, pursuant to the Court's order granting Defendants' motion to dismiss.

Dated:  February 2, 2023

Respectfully submitted
McCUNE LAW GROUP, APC

By:    */s/ David C. Wright*
David C. Wright
Attorneys for Plaintiffs

3